RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700

JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PETTER KOLM

06 CV 8141

                Plaintiff,

COMPLAINT

    -against-

INA LIFE INSURANCE COMPANY OF NEW YORK

               Defendant.
-----------------------------------------------------------X

RECEIVED
OCT 0 4 2006
U.S.D.C. S.D. N.Y.
CASHIERS

       Plaintiff Petter Kolm, by his attorneys, Riemer & Associates LLC, complaining of defendant alleges:

       1.    This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et. seq.*, to recover benefits due under an employee benefit plan, to clarify the rights of plaintiff to future benefits under such plan, and to recover attorney fees and costs.

       2.    This Court has subject matter jurisdiction pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under Section 502(f) of ERISA, 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

       3.    Venue is properly in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the Plan as hereinafter defined is administered in this district and the defendant resides or may be found in this district.

4. At all relevant times, plaintiff was and is a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7), in the Goldman Sachs Group, Incorporated Long Term Disability Plan (the "Plan").

5. At all relevant times, the Plan is and has been an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

6. At all relevant times, INA Life Insurance Company of New York ("CIGNA") is and has been the claims administrator of the Plan within the meaning of ERISA §3(16)(A), 29 U.S.C §1002(16)(A); and is and has been a fiduciary under the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C §1002(21)(A).

7. The benefits under the Plan are funded by Group Policy No. NYK 30017 issued by CIGNA.

8. Plaintiff was employed as an Associate in the Quantitative Strategies Group at Goldman, Sachs & Co. ("Goldman Sachs").

9. As an employee of Goldman Sachs, plaintiff was provided with long term disability insurance coverage under the Plan.

10. On September 15, 2003, plaintiff was rendered totally disabled within the meaning of the Plan.

11. On December 5, 2003, plaintiff's claim for disability benefits was denied.

12. Plaintiff appealed CIGNA's denial.

13. By letter dated March 14, 2005, CIGNA denied plaintiff's final appeal.

14. Plaintiff has complied with and exhausted all administrative remedies under the Plan.

## COUNT I

15. Under the terms of the Plan, a disabled participant is entitled to a monthly benefit equal to 66.67% of the first $4,500 in pre-disability earnings and 40% of the rest of pre-disability earnings with a maximum monthly benefit of $15,000.

16. The terms of the Plan do not delegate to CIGNA discretionary authority to interpret the terms of the Plan and to determine eligibility for benefits.

17. From September 15, 2003, plaintiff has been totally disabled within the meaning of the Plan.

18. CIGNA's determination that plaintiff is not totally disabled within the meaning of the Plan is contrary to the terms of the Plan, contrary to the medical evidence, unreasonable, and arbitrary and capricious.

19. Upon information and belief, CIGNA has a conflict of interest.

20. Upon information and belief, CIGNA's determination of plaintiff's claim for benefits was affected by its conflict of interest.

21. Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), plaintiff is entitled to recover disability benefits under the Plan that have not been paid to date and those that will become due in the future.

## COUNT II

22. Plaintiff repeats and realleges the allegations of paragraphs 1 through 21 above.

23. By reason of CIGNA's failure to pay plaintiff long term disability benefits as due under the terms of the Plan, plaintiff has been forced to retain attorneys to recover such benefits, for which plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, plaintiff demands judgment against CIGNA:

A. For the amount of all long term disability benefits due under the terms of the Plan that have not been paid, together with interest thereon;

B. Clarifying and declaring that the Plan is obligated to pay plaintiff long term disability benefits in the future as required by the Plan;

C. For the costs of this action and plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g); and

D. For such other and further relief as may be deemed just and proper by the Court.

Dated: New York, New York
October 3, 2006

> RIEMER & ASSOCIATES LLC
> Attorneys for Plaintiff
> 60 East 42nd Street, Suite 2430
> New York, New York 10165
> (212) 297-0700
>
> By: _____/s/_____
> Scott M. Riemer (SR5005)